UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAN WHITT,

    Defendant,

And

HANDLEMAN COMPANY, as Plan
Administrator of the Handleman Company
Pension Plan,

    Garnishee.
                                    /

Case No. 11-50395

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S REQUEST TO WAIVE INTEREST PAYMENT**

This matter comes before the Court on Defendant's request to waive further interest payment. Having reviewed the materials and briefs, for the foregoing reasons, this Court DENIES Defendant's request.

**I.    Facts**

In an order issued September 13, 2011, this Court addressed Defendant Dan Whitt's objections to garnishment. In its order, the Court held in abeyance the decision on whether Defendant has the ability to pay the accrued and accruing interest. The Court ordered Defendant to provide a financial statement and all post-release tax returns. Defendant submitted the requested documents. According to Defendant's financial statement, he is retired and lives with his wife. (Def.'s Mot. Ex. A at 1.) Defendant indicates that he receives income from his pension, has $194.99 in his checking and savings accounts, and has $35 cash on hand. (Id. at 2.) Defendant indicates that he receives $1,604.12 in gross

monthly income from his pension and social security and his living expenses are $2,418 per month. (Id. at 6.) These figures are for Defendant only, and do not include any information about his wife, with whom Defendant lives. (Id. at 1, 6.) Both the Government and the Handleman Company argue that Defendant's failure to provide any financial information for his wife make it hard to determine how much of his living expenses Defendant actually pays for himself. (Gov. Resp. 3; Handleman Co.'s Resp. 1.) Defendant's reply to this charge is merely that his wife was neither a party to nor beneficiary of any of Defendant's criminal conduct. (Def.'s Reply 3.)

According to Defendant's 1099s for the year 2010, Defendant received $27,641.16 in income from the Railroad Retirement Board, from Merrill Lynch as custodian of account #5HP24525, and from his rollover IRA. (Def.'s Mot. Ex. B.) Defendant's 2010 tax return indicates that he had $8,275.08 in taxable income and in that same year, he gave $2,100 in charitable contributions to his church. (Id.) In 2009, Defendant's tax return indicates that he had no earned income and his only income was $1,209 in pension and annuities. (Id.)

In 2008, Defendant reported $1,244.90 in income from pensions and annuities with only $1,001.66 being taxable. In that same year, Defendant gave $2,166 in charitable contributions to his church. (Id.) In 2007, Defendant's W-2, 1099s and dividends indicate that he received $38,811.53 in gross income. Defendant's tax return indicates that $23,044 of that income was taxable. (Id.) In 2007, Defendant gave $3,000 in charitable contributions to his church.

In 2006, Defendant's tax return indicates that he had $38,838 in income from his W-2 and dividends. In 2005, Defendant's tax return indicates that he had $11,372.34 in adjusted gross income.

**II. Standard**

Pursuant to 18 U.S.C. § 3612(f), "The defendant shall pay interest on any fine or

2

restitution of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment." However, "if the court determines that the defendant does not have the ability to pay interest under this subsection, the court may: (A) waive the requirement for interest; (B) limit the total of interest payable to a specific dollar amount; or (C) limit the length of the period during which interest accrues." While a court may waive the requirement for interest, whether or not to do so is in the sound discretion of the court.

### III. Analysis

As of September 28, 2011, according to the Government's Response, Defendant owed $579,206.91 on the restitution principal. (Def.'s Resp. 2.) He owed an additional $89,906.19 in accrued interest on that obligation, with $12,742 in interest accruing annually. (Id. at 1.) Looking strictly at Defendant's financial statement and tax returns, it appears that Defendant is unable to pay the interest.

However, this analysis does not include the lump sum available for distribution by the Handleman Pension Plan. This Court ruled, in its September 13, 2011 order that at the time that Defendant could elect to receive a lump-sum, "the United States and Handleman can garnish the entire corpus of the pension plan." What the exact dollar amount of that lump-sum will be is unknown and depends on interest rates. Handleman Company calculated that based on the interest rates in effect as of March 31, 2011, for a distribution date of June 30, 2011, the lump-sum distribution amount was actuarially determined to be approximately $584,000. (Doc. No. 6.) In order to get the lump-sum distribution, the parties are currently waiting for the Internal Revenue Service to determine the pension plan's tax qualified status.

A lump-sum distribution in an amount similar to that approximated in June of this year would cover the entire principal of Defendant's restitution, as well as part of the interest that has already accrued. While Defendant has shown that he has limited income, at the time a lump-sum distribution is made, Defendant's obligation will be dramatically reduced and

there will no longer be a principal on which interest will accumulate. Accordingly, the Court should find that Defendant has not demonstrated an inability to pay the interest.

In his Reply, Defendant suggests that if the government elects the lump-sum payment on Defendant's behalf, it may be subject to spousal consent. Defendant requests that this Court clarify its order to make clear that the Government is required to abide by the requirements of the plan, including seeking spousal consent, if it is required. As Defendant states, the plan defines a spouse to be a "person legally married to the participant on the annuity starting date." The annuity starting date is "the first day of the first period for which an amount is payable as an annuity, or, in the case of a benefit not payable in the form of an annuity, the first day on which all events have occurred which entitle the participant to that benefit." (Def.'s Sur-Reply Ex. 2.) October 1, 2010 was Defendant's annuity starting date. This was the first day of the first period for which an amount was payable as an annuity. The garnishment proceedings prevented a check from being written on that date, but it remains the date upon which Defendant was entitled to the benefit. Defendant was not married on that date.

Defendant's argument that his lump-sum distribution may be subject to spousal consent is DENIED.

### IV. Conclusion

For the foregoing reasons, Defendant's request for waiver of interest is DENIED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: October 27, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 27, 2011, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager